UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.** |
| v. | : | |
| | : | |
| **RENEE HEARD** | : | Violation: 18 U.S.C. § 1920 |
| | : | ( False Statement or Fraud to Obtain |
| Defendant, | : | Federal Employee's Compensation) |

## INFORMATION

The United States Attorney informs the Court that:

### COUNT ONE

Introduction

At all times material to this Information:

 1. The United States Department of Labor ("DOL") administers a workers' compensation compensation program to protect federal employees who are injured while performing duties within the scope of their federal employment.

 2. The Department of Labor's workers' compensation program is administered by its Office of Workers' Compensation Programs (hereinafter "OWCP").  Federal employees who are injured while working are required to complete a "Notice of Traumatic Injury", or a "Form CA-1" which is filled out and signed by the applicant.

 3. The defendant RENEE HEARD was formerly employed by the Federal Emergency Management Agency as a computer specialist.  On or about November 3, 1994, defendant was injured on the job.  As a result, on or about July 22, 1996, she filed a Form CA-1, indicating that

factors concerning her employment caused her to suffer from Carpal Tunnel Syndrome. Her claim was accepted and, consequently, she began receiving workers' compensation benefits.

4. On or about October 2, 2000, defendant RENEE HEARD received notification from the OWCP of a termination of benefits. On December 29, 2000, defendant's benefits were officially terminated. Defendant RENEE HEARD appealed that decision and, by letter dated March 31, 2001, the defendant was notified by OWCP that her appeal was denied and that the decision to terminate her benefits would stand.

5. On or about November 26, 2002, defendant RENEE HEARD made another appeal and the case was remanded back to OWCP for review. Because OWCP was unable to reconstruct the defendant's file for proper review, they reinstated defendant's benefits, with retroactive pay from December 29, 2000, through June 14, 2003, of $58,095.49.

6. By letter dated June 24, 2003, OWCP directed defendant RENEE HEARD to file a Claim for Compensation On Account of Traumatic Injury or Traumatic Disease, Form CA-7 (hereinafter, "CA-7"). On or about July 1, 2003, defendant submitted the CA-7, as required. Therein, she was asked, on Question 4, to state the time period of loss wages for which she was claiming compensation. In response, defendant wrote the time period of December 29, 2000, until July 1, 2003 (the date she signed the form).

7. Further, on Question 6, defendant RENEE HEARD was asked the following: "Has any pay been received for [the] period shown in [question number] 4?" In response, defendant indicated that she had not received any pay during this period. However, in fact, from in or about January 2002, through on or about June 27, 2004, defendant was employed by the government of the District of Columbia, as a staff assistant in the Department of Parks and Recreation. From her District of

Columbia employment, she received a total gross income of $71,706.31. Meanwhile, during this same time frame, defendant received workers' compensation from OCWP, based on total disability, in the amount of $63,846.84.

## The Scheme

8. From about February 20, 2006, through May 14, 2006, defendant RENEE HEARD was employed as a staff assistant for the District of Columbia Department of Health. Despite the fact that she was employed by the District, she continued to receive federal workers' compensation benefits based on total disability. Defendant's gross income from her employment during this period was $11,057.32. During the same time frame, however, defendant's workers' compensation, based upon total disability, was $7,357.50.

9. In applying for her position at the District of Columbia Department of Health, defendant RENEE HEARD submitted a District of Columbia government job application, on or about November 7, 2005. In the application, she is asked, in Section 10, Question C: "Do you receive or have you ever applied for retirement pay, pension, or other pay based on District of Columbia government or federal civilian or military service?" In response, defendant RENEE HEARD falsely checked the box marked "NO," and signed the application at the bottom.

10. On August 24, 2006, agents of the District of Columbia Office of the Inspector General and U.S. Department of Labor Office of the Inspector General interviewed defendant RENEE HEARD. During the interview, defendant admitted that she had in fact received employment wages from the District of Columbia government, while at the same time she unlawfully received workers' compensation benefits based upon total disability from approximately January 2002 to June 2004, and from February 2006 to May 2006.

11.     Further, defendant RENEE HEARD admitted that she knowingly and intentionally provided a false answer to Question 6 in the CA-7 dated July 1, 2003, for the purpose of receiving workers' compensation benefits, and that she knowingly and intentionally provided a false response to Section 10, Question C of her November 7, 2005, employment application to the District of Columbia government.

12.     Because OWCP paid defendant RENEE HEARD $63,846.84 in compensation based on total disability from in or about January 2002, through on or about June 27, 2004, and defendant received gross wages from her employment with the District of Columbia Department of Parks and Recreation totaling $71,706.31 during that same period, OWCP calculated that the excess compensation she received from OWCP was **$42,030.58**.  Further, because OWCP paid defendant $7,357.50 in compensation for total disability from on or about February 20, 2006, through on or about May 14, 2006, and she received gross income of $11,057.32 from her employment with the Department of Health, OWCP calculated that the excess compensation to defendant for this period

is **$5,772.54**. In sum, OWCP has determined that the total actual loss to OWCP for both periods described above and for which defendant is responsible to OWCP as restitution is **$47,803.12**.

**(False Statement or Fraud To Obtain Federal Employee's Compensation
in Violation of Title 18 United States Code, Section 1920)**

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

_____
Debra L. Long-Doyle
Assistant United States Attorney
D.C. Bar No. 362518
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4828
Washington, D.C. 20530
(202) 305-0634
Debra.Long-Doyle@USDOJ.Gov