

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., NW*
*Washington, DC 20530*

November 14, 2007

**FILED**
**JAN - 8 2008**
**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

<u>VIA FACSIMILE TRANSMISSION</u>

Robert Bonsib, Esq.
6411 Ivy Lane
Site 116
Greenbelt, MD 20770

Re:     <u>United States v. Renee Heard Cr. No.: 07-320 (PLF)</u>

Dear Mr. Bonsib:

This letter sets forth the final plea offer to your client, Renee Heard, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). Per your voicemail on October, 22, 2007, you indicated that your client accepts the terms and conditions of this offer, and that you will have her execute this document in the space provided below prior to the entry of her plea. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

<u>Charges and Statutory Penalties</u>

1.      Your client agrees to plead guilty to a criminal Information, charging one count of false statement or fraud to obtain federal employees' compensation, in violation of 18 U.S.C. § 1920.

2.      Your client understands that a charge of false statement or fraud to obtain federal employees' compensation under 18 U.S.C. § 1920 carries a maximum sentence of five (5) years of imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C., Section 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation pay any applicable interest or penalties on fines or restitution not timely made. Your client further agrees to pay the $100 special assessment prior to her sentencing.

3.      In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of the Offense.

**Factual Stipulations**

4. Your client agrees that the attached Statement of the Offense fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

**Sentencing Guidelines Stipulations**

5. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C., Section 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manuel [November 1, 2005] (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree and stipulate to the following:

    A.    **Offense Level under the Guidelines**

6. Section 2B1.1

| | |
|---|---|
| Base Offense Level | 6 |
| Loss greater than $30,000 but less than $70,000 | 6 |
| Total Offense Level | 12 |

    B.    **Acceptance of Responsibility: 2-point reduction**

7. Provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G., Section 3E1.1(a).

8. In accordance with the above, the applicable adjusted Guidelines Offense Level is 10.

    C.    **Criminal History Category**

9. Based upon the information now available to this Office (including representations by the defense), it appears that your client does not have a prior criminal history. Accordingly, your client's Criminal History Category is I.

D.  **Applicable Guideline Range**

10. Based upon the calculations set forth above, your client's stipulated Sentencing Guidelines range is Zone B and provides for a range of incarceration of between 6 to 12 months (the "Stipulated Guidelines Range"). In addition, the parties agree that under the Sentencing Guidelines, neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein, nor will either party suggest that the Court consider such a departure or adjustment. Further, the Government agrees that it will not oppose the imposition of probation in this case.

**Agreement as to Sentencing Allocution**

11. The parties further agree that a sentence within the Stipulated Guidelines Range, excluding incarceration, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the Stipulated Guidelines Range or suggest that the Court consider a sentence outside of the Stipulated Guidelines Range.

12. Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Guidelines Range your client should be sentenced or to seek an appropriate adjusted sentencing range if it is determined based upon new information that your client's criminal history category is different from that set forth above. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G., Section 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G., Section 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

**Court Not Bound by the Plea Agreement**

13. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

14. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Restitution

15. In addition to the other penalties provided by law, the Court must also order that your client make restitution under 18 U.S.C., Section 3663A. Restitution is payable immediately unless ordered otherwise by the Court.

### Release/Detention

16. Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

### Breach of Agreement

17. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

18. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements

made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

19. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

20. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

21. It is further agreed that should the convictions following your client's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

22. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C., Section 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

23. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

24. Your client further understands that this Agreement is binding only upon the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

25. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: Debra L. Long-Doyle
Assistant United States Attorney
D.C. Bar No. 362-518
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4235
Washington, D.C. 20530
(202) 305-1419
Debra.Long-Doyle@USDOJ.Gov

### DEFENDANT'S ACCEPTANCE

I have read all 6 pages of this plea agreement and have discussed it with my attorney, Robert Bonsib, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 1-8-08

Rence Heard
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the 6 pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 1/8/08

Robert Bonsib, Esquire
Attorney for the Defendant