AO 245B   (Rev. 06/05) (Rev. DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

**FILED**
**MAR 2 5 2008**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA
v.
**RENEE HEARD**

JUDGMENT IN A CRIMINAL CASE

Case Number:   07-320 (PLF)
USM Number:   NONE

Robert C. Bonsib
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 of the Information

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. 1920 | False Statement or Fraud to Obtain Federal Employee's Compensation | 5/14/2006 | 1 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)   is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 20, 2008
Date of Imposition of Judgment

*signature*
Signature of Judge

Paul L. Friedman                U. S. District Judge
Name of Judge                    Title of Judge

*signature / date*
Date

DEFENDANT: RENEE HEARD
CASE NUMBER: 07-320 (PLF)

Judgment—Page 2 of 9

## PROBATION

The defendant is hereby sentenced to probation for a term of :

Four (4) years, the first 180 days of which shall be home confinement with electronic monitoring.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: RENEE HEARD
CASE NUMBER: 07-320 (PLF)

Judgment—Page 3 of 9

## ADDITIONAL PROBATION TERMS

The defendant shall pay a $100.00 special assessment which is immediately payable to the Clerk of the Court for the U. S. District Court for the District of Columbia. Within 30 days of any change of address, the defendant shall notify the Clerk of the Court of the change until such time as the financial obligation is paid in full.

The Court finds that, based on the amount of restitution, the defendant does not have the ability to pay a fine, and, therefore, waives imposition of a fine in this case.

The defendant shall pay restitution in the amount of $47,803.00, at a monthly rate of no less than $250.00 and shall provide verification of same to the Probation Office. The Court waives payment of interest that may accrue on the restitution amount. Restitution payments shall be made to the Clerk of the Court for the U. S. District Court, District of Columbia, for disbursement to the victim as follows:

DSDOL-DFEC
OWCP Restitution
P.O. Box 403431
Atlanta, GA 30384-3431

While on probation, the defendant shall not possess a firearm or other dangerous weapon, shall not use or possess an illegal controlled substance, and shall not commit another federal, state or local crime. The defendant shall also abide by the general conditions of probation adopted by the U. S. Probation Office, as well as the following special conditions:

The defendant shall provide the Probation Office with her income tax returns, authorization for release of credit information, and any other business or financial information in which she has a control or interest.

The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Office.

The defendant shall be placed in the Electronic Monitoring Program for a period of 180 days, to commence within thirty (30) days of being placed on probation. The Court finds that the defendant does not have the ability to pay both restitution and the cost of electronic monitoring. Therefore, the Court waives the costs of electronic monitoring. During the electronic monitoring period, the defendant shall remain at her place of residence, except for employment or other activities approved in advance by the probation officer. The defendant shall permit a probation officer to contact her employer while participating in the electronic monitoring program. The defendant shall maintain a telephone at her place of residence without any special features, modem, answering machines, or cordless telephones during the term of electronic monitoring. The defendant shall wear an electronic device and shall observe the rules specified by the probation officer. She shall not leave the metropolitan Washington, D.C. area during the term of electronic monitoring.

Pursuant to 42 U.S.C. section 14135a, for all felony offenses, the defendant shall submit to the collection and use of DNA identification information while on probation at the direction of the U. S. Probation Office.

The Court finds that the provision for submission of periodic drug tests, as required under 18 U.S.C. section 3563(a) and 3583(b), is suspended, as the defendant poses a low risk of future substance abuse.

Judgment — Page 4 of 9

DEFENDANT: RENEE HEARD
CASE NUMBER: 07-320 (PLF)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 100.00       | $ 0      | $ 47,803.00     |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| DSDOL-DFEC        |                 | $47,803.00              |                            |
| **TOTALS**        | $ 0.00          | $ 47,803.00             |                            |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 5 of 9

DEFENDANT: RENEE HEARD
CASE NUMBER: 07-320 (PLF)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

  The defendant shall pay a $100.00 special assessment which is immediately payable to the Clerk of the Court for the U. S. District Court for the District of Columbia. Within 30 days of any change of address, the defendant shall notify the Clerk of the Court of the change until such time as the financial obligation is paid in full. The defendant shall pay the restitution balance in monthly installments of no less than $250.00. (See page 3 of this Judgment)

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.